# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEPHEN WARREN, etc., | ) | 3:13-cv-00333-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | November 27, 2013 |
| | ) | |
| AUSTIN EUGENE LINDSEY, etc., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  KATIE LYNN OGDEN  </u>  REPORTER:  <u>NONE APPEARING  </u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING                    </u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING                    </u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is Doc. # 39, Defendants' Objection to and Motion to Quash Subpoena Issued to Bank of the West, which was filed with the court on November 25, 2013. In this objection/motion, Defendants Lindsey seek to preclude Plaintiffs' discovery with respect to "loan documents" from Bank of the West relative to a loan Defendant Lindsey obtained for a trailer which is the subject of this litigation (Doc. # 39 at 3). Although not styled as an "Emergency Motion" under Local Rule 7-5 and although there was no request for an order shortening time within which Plaintiffs should respond to Defendants' motion, the court scheduled a discovery conference on Defendants' motion for Wednesday, November 27, 2013, at 11:00 a.m. Shortly before the discovery conference, Plaintiffs filed their responsive opposition (Doc. # 46).

A telephonic discovery conference addressing Defendants' motion proceeded as scheduled. Participating by telephone was Plaintiff's counsel Richard Hill, Esq. Representing the Lindsey Defendants was attorney Todd Alexander, Esq. Representing Defendant Foremost Insurance was attorney David Feldman, Esq.

The court first noted a serious procedural and substantive deficiency in Defendants' motion, i.e., the absence of the satisfaction of the "meet and confer" requirements of LR 26-7(b) and LR 7-5. Plaintiffs' counsel represented there was *no* meet and confer undertaken by Defendants prior to filing of the Defendants' motion (Doc. 46 at 2). Counsel for the Lindsey Defendants admitted that he failed to comply with the Rules' requirement that before any discovery motion may be submitted to the court that counsel undertake "personal consultation and sincere effort" to resolve the discovery

**MINUTES OF THE COURT**
3:13-cv-00333-RCJ-WGC
Date:  November 27, 2013
Page 2

dispute. The court admonished Defendants' counsel, noting that the purpose of these rules is not only a procedural but substantive requirement to have counsel attempt to resolve matters informally before requiring court intervention, particularly on an immediate basis. Further, the court noted that this was the second occasion on which the Lindsey defendants failed to comply with the court's meet and confer requirements. See Doc. # 28.

Despite the deficiency in Defendants' motion, the court addressed the substantive discovery issue presented by this motion. In opposition, Mr. Hill outlined what he believed was the relevance of the discovery request to Bank of the West. Although the Lindseys' attorneys had not yet received the Warrens' opposition (Doc. # 46), counsel presented his clients' position. The court was not persuaded by the Defendants' objections to the Bank of the West subpoena presented in either the Defendants' motion or the argument to the court during the telephonic conference. The court concluded there was at least colorable relevance of the materials sought from Bank of the West (i.e., materials which may be relevant to any party's claim or defense - Fed. R. Civ. P. 26(b)).

Accordingly, Defendants' motion, Doc. # 39, is **DENIED.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
         Deputy Clerk