# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

STEPHEN WARREN et al.,                 )
                                       )
         Plaintiffs,                )
                                       )
    vs.                                )
                                       )
                                       )
AUSTIN EUGENE LINDSEY et al.,          )
                                       )
         Defendants.                )
                                       )
                                       )
_____      )

3:13-cv-00333-RCJ-VCF

**ORDER**

       This case arises out of a dispute over the ownership and seizure of a fifth-wheel trailer and the sale of personal property contained therein. Four motions are currently pending before the Court: (1) Defendant William Bauer's motion for security in the amount of $1000 for costs, (ECF No. 54), which is rendered moot by Plaintiffs' certificate of a $1000 deposit, filed on February 5, 2014, (ECF No. 56); (2) Defendant Foremost Insurance Company's motion for summary judgment, (ECF No. 59), which the Court now denies for the reasons stated herein; (3) Plaintiffs' unopposed motion for an enlargement of time to oppose Foremost's motion for summary judgment, (ECF No. 65), which the Court now grants; and (4) Plaintiffs' Rule 56(d) countermotion for a continuance and additional discovery, (ECF No. 66), which the Court now denies as moot.

## I.     FACTS AND PROCEDURAL HISTORY

       The following facts are alleged in the third amended complaint ("TAC").[1] Plaintiff Stephen Warren ("Stephen") and his sixteen-year-old daughter, Plaintiff Tarynn Warren ("Tarynn") (Collectively, "Plaintiffs"), are California residents. (TAC ¶¶ 1–2, June 10, 2014,

---

[1] Although the pending motion for summary judgment, (ECF No. 59), was filed after the second amended complaint, (ECF No. 41), and before the TAC, (ECF No. 85), the changes reflected in the TAC do not moot or otherwise impact Foremost's arguments. Therefore, the Court will apply the motion against the TAC.

ECF No. 85). In "October 2011,"[2] while in Elko County, Nevada, Stephen entered into a verbal agreement with Defendant Austin Lindsey ("Lindsey"), a Nevada resident, to "rent, and later purchase," Lindsey's fifth-wheel trailer (the "Trailer"). (*Id.* ¶¶ 3, 8).[3]

Pursuant to this verbal agreement, Plaintiffs, with Lindsey's knowledge, took possession of the trailer, filled it with their personal property, and began using it as a residence in Carlin, Nevada. (*Id.* ¶ 9). Plaintiffs paid Lindsey monthly payments of $400 for ten months. (*Id.* ¶ 10). On June 13, 2011, again with Lindsey's knowledge, Plaintiffs "took the trailer to California for the purpose of attempting to secure financing to complete the payment of the purchase price as Lindsey was demanding." (*Id.* ¶ 11). Stephen was current on his payments to Lindsey at the time of the trip. (*Id.*). However, on June 15, 2011, Lindsey "falsely reported to the Sheriff of Elko County that the trailer had been stolen and that [Stephen] had stolen it." (*Id.* ¶ 12). "In his report to the Carlin police department,[4] Lindsey falsely stated that he had 'loaned' [the Trailer] to 'a friend.'" (*Id.*). Lindsey did not disclose his verbal agreement with Stephen or that he knew that Stephen had taken the trailer to California in an attempt to arrange the required financing. (*Id.*).

As a result of the false report that Lindsey filed with the Elko County Sheriff, Stephen was arrested by officers from the Monterey County Sheriff's Department ("MCSD") in

---

[2] Although the TAC represents their fourth attempt to allege the facts at issue, Plaintiffs have surely misstated this critical date. Stated simply, Plaintiffs could not have intended to plead that the alleged agreement postdates the events giving rise to this action, including Lindsey's alleged reports of theft, Stephen's arrest, and the seizure and sale of the Trailer, which all allegedly occurred in or after June 2011, (*see* TAC, ECF No. 85, at 3–6). Therefore, the Court will assume that Plaintiffs intended to allege that the parties verbally agreed in October 2010.

[3] Lindsey denies entering into this agreement. (Lindsey Answer ¶ 8, ECF No. 89).

[4] Here, it is entirely unclear whether Plaintiffs: (1) intend to allege that, in addition to the report filed with the Sheriff of Elko County, Lindsey also filed a substantively identical report with the Carlin police department, which seems unlikely due to references to a single report elsewhere in the TAC; or (2) merely misstate the name of one of the police departments while describing a single report. Because this issue does not affect the resolution of the pending motions, the Court need not address it here. However, it may well affect the resolution of Plaintiffs' claims against Lindsey and their § 1983 claims against the city of Carlin and its police chief. (*See* TAC ¶¶ 52–65, ECF No. 85).

California on June 23, 2011. (*Id.* ¶ 13). After explaining the circumstances, Stephen was released on the same day. (*Id.*).

At a time presently unknown to Plaintiffs, Defendant William Bauer ("Bauer"), the Chief of Police for the city of Carlin, Nevada, placed a "hold" on the Trailer through NCIC, a national crime reporting and registration network. (*Id.*). As a result of Bauer's hold, the MCSD seized the Trailer without a warrant. (*Id.*). MCSD held the Trailer, and "virtually all of [P]laintiffs' personal property" from June 23 to July 21, 2011. (*Id.* ¶¶ 13.4, 19). During that time, Lindsey "falsely submitted a claim for theft of the [Trailer]," to his insurer, Defendant Foremost Insurance Company ("Foremost"), a Michigan corporation. (*Id.* ¶¶ 5, 18). Foremost paid Lindsey for the "fabricated loss." (*Id.* ¶ 18). On July 3, 2011, based on a theory of subrogation, Bauer instructed MCSD to release the Trailer to Foremost. (*Id.* ¶ 16, 18.2). Foremost took possession of the Trailer on July 21, 2011. (*Id.* ¶ 19). Foremost later sold the Trailer and all of its contents to unknown persons for an unknown price. (*Id.* ¶ 20).

On January 19, 2012, at the request of the Elko County District Attorney's office, Stephen was arrested in California and charged with the theft of the Trailer. (*Id.* ¶ 15). Stephen waived extradition but was not arraigned in Elko until "February 6, 2011,"[5] at which time he posted bail and was released. (*Id.*). On November 26, 2012, Elko County authorities dismissed the charge after "verif[ying] that Stephen . . . did, in fact, have a verbal agreement with Lindsey." (*Id.* ¶ 17).

On June 21, 2013, Plaintiffs initiated this action, (Compl., ECF No. 2), and now assert the following claims: (1) malicious prosecution (against Lindsey); (2) intentional and negligent

---

[5] Because Stephen could not have posted bail prior to his arrest, this date must also be incorrect, and the Court is left to assume that Plaintiffs meant to allege that Stephen posted bail and was released on February 6, 2012.

infliction of emotional distress (against Lindsey)[6]; (3) conversion (against Lindsey and Foremost); (4) abuse of process (against Lindsey); (5) defamation (against Lindsey); (6) breach of contract (presumably against Lindsey); (7) violations of the Fourth and Fourteenth Amendments to the United States Constitution made actionable under 42 U.S.C. § 1983 and violations of NRS 179.105 (against Bauer); and (8) municipal liability under 42 U.S.C. § 1983 (against the City of Carlin). (TAC, ECF No. 85, at 6–13).

On February 20, 2014, Foremost filed the pending motion for summary judgment, arguing that Plaintiffs' conversion claim against it fails as a matter of law. (*See* Mot. Summ. J., ECF No. 59). Plaintiffs opposed the motion and countermoved for additional time to conduct discovery pursuant to Rule 56(d). (ECF No. 66). The Court now considers the pending motions.

## II.   LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Federal Rule of Civil Procedure 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact.

---

[6] In a proposed order filed on July 3, 2014, the parties stipulated to the dismissal of Tarynn's "claim for relief sounding in intentional infliction of emotional distress, as well as any claim for damages for emotional distress under any claim for relief." (Proposed Order and Stipulation, ECF No. 96).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587.

## III.   ANALYSIS

Foremost contends that, as a matter of law, Plaintiffs cannot maintain their single cause of action for conversion against it. (Mot. Summ. J., ECF No. 5, at 3). The Court disagrees. In Nevada, the tort of conversion is defined as "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (quoting *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958))

(internal quotation marks omitted). "[C]onversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id.* "Whether a conversion has occurred is generally a question of fact for the jury." *Id.*

Foremost asserts two arguments in support of its motion: (1) Because Plaintiffs failed to endorse and register the Trailer's title with the Nevada DMV, Foremost lacked any notice, statutory or otherwise, of Plaintiffs' claimed interest and was therefore permitted to dispose of the Trailer as though Lindsey was the sole owner, (ECF No. 59, at 7–9); and (2) Plaintiffs cannot claim an enforceable interest in the Trailer, because, by failing to memorialize their alleged agreement with Lindsey, they failed to comply with the statute of frauds, (*Id.* at 10). Whatever their merits, these arguments entirely misunderstand the subject of Plaintiffs' conversion claim. Indeed, Plaintiffs do not allege conversion of the Trailer itself; they allege conversion of their personal property stored inside the Trailer. (*See* TAC ¶¶ 9, 20, 35, ECF No. 85). Specifically, they allege that "virtually all of [their] possessions" were inside the Trailer when Foremost sold it. (*Id.* ¶ 20). Therefore, Foremost's straw-man arguments concerning Plaintiffs' ownership of the Trailer are irrelevant and unavailing. Instead, the critical question is whether Foremost disposed of Plaintiffs' personal property. If it did, it is not "excused by care, good faith, or lack of knowledge." *Evans*, 5 P.3d at 1048.

Foremost "admits that it sold the trailer and its contents." (Foremost Answer, ECF No. 94, at 4). Plaintiffs claim an ownership interest in the contents, (*see* TAC, ¶¶ 9, 20, 35, ECF No. 85), and Foremost does not appear to dispute this fact. Furthermore, Foremost cannot, by relying on a theory of subrogation, contend that it acquired any rights beyond what Lindsey lawfully held. Yet, it does not even attempt to argue that Lindsey, and not Plaintiffs, owned the personal property at issue. Thus, there is, at the very least, a genuine question of material fact as to

whether Foremost disposed of personal property in a manner inconsistent with Plaintiffs' ownership rights. Accordingly, Foremost has failed to meet its initial burden on summary judgment. The motion is therefore denied, and Plaintiffs' Rule 56(d) countermotion for additional time to conduct related discovery is denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that Foremost's motion for summary judgment (ECF No. 59) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' unopposed motion for an enlargement of time (ECF No. 65) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Rule 56(d) countermotion for a continuance and additional discovery (ECF No. 66) is DENIED as moot.

IT IS FURTHER ORDERED that Bauer's motion for security (ECF No. 54) is DENIED as moot.

IT IS SO ORDERED.

Dated:  July 23, 2014

_____
ROBERT C. JONES
United States District Judge