# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN WARREN,<br><br>        Plaintiff,<br><br>vs.<br><br>AUSTIN EUGENE LINDSEY et al.,<br><br>        Defendants. | 3:13-cv-00333-RCJ-VCF<br><br>**ORDER** |

This case arises out of an allegedly false report of theft. Pending before the Court are the parties' respective Motions in Limine (ECF Nos. 165, 166). For the reasons given herein, the Court grants the motions in part and denies them in part.

## I.  FACTS AND PROCEDURAL HISTORY

In October 2010,[1] Plaintiff Stephen Warren made a verbal agreement with Defendants Austin and Deborah Lindsey to rent, and later purchase, a fifth wheel trailer (the "Trailer") from the Lindseys. (Third Am. Compl. ¶¶ 3–4, 8, ECF No. 85). Plaintiff and his daughter, on whose behalf Plaintiff also brings the present suit, took possession of the trailer, put their personal property into it, and began living in it in the City of Carlin, Nevada (the "City"), paying the Lindseys $400 per month, pursuant to the agreement, for ten months. (*Id.* ¶¶ 9–10).

---

1 Plaintiff has alleged the agreement was entered into in October 2011, but that is probably a typographical error, as the relevant subsequent events are alleged to have begun during the spring of 2011.

On June 13, 2011, Plaintiff, with Lindsey's knowledge (Plaintiff does not allege which Lindsey), took the Trailer to California to secure financing for the purchase. (*Id.* ¶ 11). On June 15, 2011, Lindsey (Plaintiff does not allege which Lindsey) reported to the Sheriff of Elko County that Plaintiff had stolen the Trailer. (*Id.* ¶ 12). Plaintiff was current on his rent payments at the time. (*Id.* ¶ 12.1). In the police report, Lindsey (Plaintiff does not allege which Lindsey), stated that he had loaned the Trailer to a friend but did not disclose his agreement with Plaintiff or that he knew why Plaintiff had taken the Trailer to California. (*Id.* ¶ 12.2).

On June 23, 2011, Warren was arrested by the Monterey County Sheriff in California due to the police report filed in Nevada. (*Id.* ¶ 13). The sheriff released Plaintiff later that day. (*Id.* ¶ 13.1). Defendant William Bauer, the Chief of Police of the City caused a "hold" to be placed against the Trailer through NCIC, a national crime reporting and registration network. (*Id.* ¶¶ 6, 13.2). The "hold" caused the Monterey County Sheriff's Department to seize the Trailer, as well as Plaintiff's possessions therein, without a warrant. (*Id.* ¶ 13.3–13.4). Bauer told the Monterey County Sheriff that he was processing a criminal complaint against Plaintiff. (*Id.* ¶ 14.1). The Elko County District Attorney expedited a criminal arrest warrant, and on January 19, 2012, Plaintiff was arrested in California based on a warrant for felony theft issued in Nevada. (*Id.* ¶¶ 14.2, 15). As a result, Plaintiff was incarcerated for twenty-one days and extradited to Elko County, Nevada, when he was granted bail. (*Id.* ¶ 15.2). On July 3, 2011, Bauer instructed the Monterey County Sheriff's Department to release the Trailer to Defendant Foremost Insurance Co. Grand Rapids Michigan ("Foremost"). (*Id.* ¶ 16).

Once the Elko County authorities confirmed, on or about November 26, 2012, that Plaintiff had a verbal agreement with Lindsey to rent and purchase the Trailer, they dropped the charges against him. (*Id.* ¶ 17). Plaintiff believes that the Lindseys submitted a claim to Foremost based on the alleged theft of the Trailer, that Foremost paid the Lindseys for the

alleged loss, and that Foremost then took possession of the Trailer from the Monterey County Sheriff's Department because it believed itself to be subrogated to the Trailer. (*Id.* ¶¶ 18–19). At some unknown time thereafter, Foremost caused the Trailer, and Plaintiff's possessions therein, to be sold by unknown means to unknown persons for an unknown price. (*Id.* ¶ 20).

The Third Amended Complaint ("TAC") lists eight claims: (1) malicious prosecution (Lindsey); (2) intentional infliction of emotional distress ("IIED") (Lindsey); (3) conversion (Lindsey and Foremost); (4) abuse of process (Lindsey); (5) defamation (Lindsey); (6) breach of contract (Lindsey); (7) violation of the Fourth Amendment under 42 U.S.C. § 1983 (Bauer and the City); and (8) violation of Nevada Revised Statutes section ("NRS") 179.105 (Bauer and the City). The Lindseys and Bauer separately filed counterclaims for equitable indemnity and contribution, arguing that Plaintiff in fact stole the Trailer.

Bauer and the City moved for summary judgment, and the Court granted the motion, finding that there was no genuine issue of material fact that Bauer had probable cause to believe the trailer had been stolen based on the information available to him at the time. Plaintiff, Bauer, and the City stipulated to dismiss all of their claims and counterclaims. The Lindseys moved for summary judgment, and the Court granted the motion as to the IIED and abuse of process claims, leaving the claims for malicious prosecution, conversion, defamation, and breach of contract for trial. Plaintiff later stipulated to dismiss the conversion claim as against Foremost. Trial is scheduled for February 22, 2016. The parties have now each filed a motion in limine.

## II.     LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and

could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted

to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III. ANALYSIS

#### A. Defendants' Motion

Defendants first ask the Court to exclude evidence or argumentation that they are or may be insured. Defendants note that evidence as to previous insurance payments for the allegedly stolen trailer itself may be admissible, but they ask the Court to exclude evidence that they are insured against liability for the torts to be tried in this case. The Court grants the motion in this regard. *See* Fed. R. Evid. 411. In response, Plaintiff notes that evidence of the insurance as to the trailer will need to be introduced. Defendants note in reply that they have not contested that. They simply ask the Court not to permit evidence that they may be insured against liability for the torts alleged in this case, and Plaintiff has made no argument as to why Rule 411 should not apply to prevent such evidence or argumentation.

Next, Defendants ask the Court to exclude appeals to sympathy by Plaintiff and any evidence or argumentation concerning Plaintiff's "impoverishment or financial distress." The Court grants the motion in part in this regard. Because the torts at issue could be relevant to punitive damages, evidence or argumentation concerning Plaintiff's financial condition might be admissible in phase two of the trial. In phase one of the trial, however, which concerns only liability, such evidence will likely not be admissible. The bare fact of Plaintiff's financial condition is not relevant to the claims. Appeals to sympathy are of course generally improper.

#### B. Plaintiff's Motion

Plaintiff first asks the Court to limit Defendants to a single playing of the videotape of Stephen Warren's half-hour interrogation by the Monterey County Sheriff's Department. The Court denies the motion in this regard. Plaintiff identifies no rule under which he seeks to

impose this limitation.  Of course, the Court will not permit needless repetition of evidence, but it is normal for relevant portions of a videotape to be played during opening remarks and closing arguments in addition to the recording having been played in full during a party's case-in-chief.

Plaintiff next asks the Court to exclude deposition testimony by Carol Atchley that Plaintiff left Elko owing her money.  Plaintiff argues that the only purpose of the testimony would be to show that Plaintiff has a propensity for dishonesty.  Plaintiff argues that testimony may not be admitted for that purpose under Rule 404(a). *See* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").  Plaintiff is correct but has identified the wrong subsection of the rule.  Rule 404(a)(1) concerns character evidence, which is a witness's testimony as to another person's character trait based on personal knowledge ("opinion") or hearsay ("reputation"). *See* Fed. R. Evid. 405(a).  The evidence Plaintiff seeks to exclude is not evidence of a character trait but evidence of a particular act, although it is excludable on the same basis. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").  Under Rule 404(b)(1), Atchley's testimony that Plaintiff failed to repay a debt to her is inadmissible to show Plaintiff is a deadbeat generally.  Questions concerning prior bad acts are permitted at a court's discretion on cross-examination for impeachment purposes if they are probative of a witness's character for truthfulness. Fed. R. Evid. 608(b).  Although there is academic debate as to how broadly the rule should reach, the courts as a whole tend to draw the line at acts involving deception, because although any act that shows a person's disregard of the rights of others could in theory show the person's disregard of societal norms generally, including truth-telling, the purpose of the rule is to prevent a jury from branding a person as a liar simply because he has committed some other

bad act that does not directly implicate his veracity. *See* 28 Charles Alan Wright & Victor J. Gold, *Federal Practice and Procedure* § 6118, at 113–22 (2d ed. 2012). Failing to pay debts has therefore been rejected as a basis for impeachment under the rule. *See id.* at 122 n.133 (citing *United States v. Lanza*, 790 F.2d 1015, 1020 (2nd Cir. 1986)). The Court will therefore grant the motion in part in this regard and will not permit the evidence as proof of character or for impeachment of Plaintiff's credibility.

Defendants note in response that they may introduce the evidence of Plaintiff's various debts at the time he left town with the trailer in conjunction with the fact that Defendants knew of those debts to show Plaintiff's motive for leaving town without notifying anyone, i.e., to escape his various debts, *see* Fed. R. Evid. 404(b), which is relevant to whether Defendants acted reasonably in thinking Plaintiff had stolen the trailer. The Court will reserve judgment until trial as to whether the evidence is admissible for this purpose.

Finally, Plaintiff argues that Defendants' refusal to identify exactly which parts of which depositions they intend to use to impeach Plaintiff at trial is unfair. Plaintiff identifies no evidence to exclude and does not ask the Court to compel any discovery. However, Plaintiff notes that the form provided for pretrial orders in Local Rule 16-4 requires a party to identify portions of depositions to be used at trial by page and line. The Order Regarding Trial in this case does not use that form and does not require such specificity, rather requiring only an electronic filing of all witnesses and exhibits. Defendants note that Plaintiff has copies of all depositions in this case to review. Also, Defendants note they may have to use certain parts of deposition testimony for impeachment at trial, but which portions need be used is necessarily unknown until a witness testifies contrary to the deposition. The Court denies the motion in this regard.

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 165, 166) are GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 16th day of February, 2016.

                                            ROBERT C. JONES
                                        United States District Judge